IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE WILLIAMS<br>149 W. St. Joseph Street<br>Easton, Pennsylvania 18042 | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| v. | : <br> : | |
| KEVIN LOWE<br>493 20th Street, Floor 2<br>Irvington, New Jersey 07111 | : <br> : <br> : <br> : | **COMPLAINT AND JURY DEMAND** |
| and | : <br> : | |
| EAN HOLDINGS, LLC a/k/a, d/b/a<br>ENTERPRISE RENT-A-CAR<br>14002 East 21st Street, Suite 1500<br>Tulsa, Oklahoma 74134 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| ABC CORP. 1-20<br>JOHN DOE 1-20 | : <br> : | |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1.  Plaintiff, Clarence Williams, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 149 W. St. Joseph Street, Easton, Pennsylvania 18042.

2.  Defendant, Kevin Lowe, is an adult individual and citizen and resident of the State of New Jersey, residing and domiciled at 493 20th Street, Floor 2, Irvington, New Jersey 07111.

3.  Defendant, EAN Holdings, LLC, a/k/a, d/b/a Enterprise Rent-A-Car, is a corporation or other business entity organized and existing under the laws of the State of Delaware and maintains a place of business and has a location for process of service located at 14002 East 21st Street, Suite 1500, Tulsa, Oklahoma 74134.

4. Defendants, ABC Corp. 1-20, John Doe 1-20, are individuals and/or alter egos and/or business entities, related to Defendant, EAN Holdings, LLC, engaged in the business of owning, possessing, servicing, maintaining, operating, selling, renting and/or leasing the motor vehicle(s) involved in this collision whose identities are presently unknown.

5. At all times pertinent hereto, each of the named ABC and/or John Doe Defendants acted and/or failed to act, individually, and/or for or on behalf, each of the other, as principals, agents, servants, workmen, employees, successor corporations, and successor business entities, each of the other, and at all times pertinent hereto acting within the course, scope and authority of their agency and servantship, under the direction and control, and in the interests, each of the other.

6. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of ABC and/or John Doe Defendants who may be responsible for the causation of the accident, if any.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

8. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. At all times relevant and material to this Civil Action, Defendant, Kevin Lowe, jointly and/or severally, owned, operated, controlled, possessed, maintained and/or leased a 2022 Ford

Expedition vehicle, bearing Texas license plate SDH1088, VIN No. 1FMJU1KT3NEA19783; said vehicle being jointly owned by Defendants, EAN and Enterprise, and being operated with the express permission of Defendant, EAN and Enterprise.

10. On or about February 17, 2024, at approximately 8:58 A.M., Plaintiff, Clarence Williams, was lawfully operating a 2021 Freightliner Cascadia truck, bearing Nebraska license plate W34929, VIN No. 3AKJHTDV1MSMF6638, Eastbound on Interstate 78, at or near mile marker 50.4, Fogelsville, Pennsylvania, when Defendant, Kevin Lowe, operating the aforementioned vehicle, also traveling Eastbound on Interstate 78, so negligently and carelessly operated his motor vehicle and suddenly and without warning, struck the rear of Plaintiff's vehicle, with force and violence, causing Plaintiff, Clarence Williams, to sustain severe and grievous injuries hereinafter more fully set forth.

11. At all times material hereto, the accident, herein, was caused solely by the negligence and carelessness of the Defendants, jointly and/or severally, and was in no manner whatsoever due to any act or omission of the Plaintiff, Clarence Williams.

## COUNT I
## PLAINTIFF, CLARENCE WILLAMS v. DEFENDANTS

12. Plaintiff incorporates by reference herein the allegations set forth in the averments of paragraphs 1 through 11 of this Complaint, inclusive, as if set forth herein at length.

13. The negligence and carelessness of Defendants herein, jointly and/or severally, acting as aforesaid, consisted of the following:

    a) Operating a motor vehicle at a high and excessive rate of speed under the circumstances and conditions;

    b) Failure to have a motor vehicle under proper and adequate control;

c) Failure to use the highest degree of skill in the operation of a motor vehicle;

d) Failing to warn of the immediate and impending danger of striking Plaintiff;

e) Failing to warn Plaintiff of the impending collision;

f) Failure to keep a proper lookout for other vehicles lawfully upon the highway;

h) Continuing to operate a vehicle in a direction toward the vehicle occupied by Plaintiff, Clarence Williams, when Defendant, Kevin Lowe, saw, or in the exercise of reasonable diligence should have seen that further operation in that direction would result in a collision;

h) Failure to exercise due care and caution under the circumstances;

g) Violations of the Statutes of the Commonwealth of Pennsylvania governing the operation of motor vehicles upon the highway, to wit, 75 Pa.C.S.A. Section 3301, et seq.;

h) Violating the Assured Clear Distance Rule; and,

i) Negligence as a matter of law.

14. As a result of the negligence and carelessness of Defendants herein, jointly and/or severally, acting as aforesaid, Plaintiff, Clarence Williams, was caused to sustain injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his body, including but not limited to AC joint hypertrophy; disc bulging at C3-4, C5-6, and to a lesser degree at C4-5; shallow midline disc bulging at C2-3; cervicalgia; strain of the muscle, fascia and tendon at the neck level; strain of muscle, tendon, and back wall of the thorax; strain of muscle, fascia and tendon of the lower back; muscle spasm of the back; post-traumatic headache; post-concussion syndrome; strain of the left shoulder and upper left arm; sprain of ligaments of the cervical spine; other cervical disc displacement; other muscle spasm; cervical myofascial pain syndrome;

dizziness; concussion without loss of consciousness; neck pain and various other ills and injuries; all of which injuries have, in the past, and will, in the future, cause Plaintiff, Clarence Williams, great pain and suffering, are serious and permanent in nature, and have caused Plaintiff herein serious and permanent impairments of bodily functions.

15. As a further result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Clarence Williams, has and will be obligated to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and he may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future all to his great detriment and loss and is recoverable from Defendant herein.

16. As a further result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Clarence Williams, has suffered agonizing aches, severe physical pains, disability, mental anguish and humiliation and will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

17. As a further result of the negligence and carelessness of Defendants, herein, jointly and/or severally, Plaintiff, Clarence Williams, has or may suffer a loss of earnings and impairment of his earning capacity and power, and may continue to incur same in the future.

18. At all times material hereto, Plaintiff, Clarence Williams, was within the course and scope of his employment as same is defined pursuant to the Pennsylvania Workers Compensation Act, 77 Pa. CSA §101, et seq.  Pursuant to Section 319 of said Act, Plaintiff has accumulated a lawful, recoverable lien, currently in the sum of **$74,330.68**, which may continue to increase and for which a claim is hereby made.

**WHEREFORE**, Plaintiff, Clarence Williams, demands judgment in his favor and against Defendant, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs.

## JURY DEMAND

Plaintiff, Clarence Williams, demands a jury trial.

**TABAKINWOLFE, LLP**

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No.: 78944
rich@twnlegal.com
Office Court at Blue Bell
587 Skippack Pike, Suite 300
Blue Bell, PA  19422
(215) 525-1616 – phone
(215) 525-5858 – facsimile
*Attorney for Plaintiff,*
*Clarence Williams*

BY: _____
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No. 65649
brad@twnlegal.com
Office Court at Blue Bell
587 Skippack Pike, Suite 300
Blue Bell, PA  19422
(215) 525-1616 – phone
(215) 525-5858 – facsimile
*Attorney for Plaintiff,*
*Clarence Williams*